1

2

3

**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

4 William M. Demlong, Esq. (SBN 012458)
wdemlong@cavanaghlaw.com

5 Elliot H. Wernick, Esq. (SBN 015351)
ewernick@cavanaghlaw.com

6 Tel:  (602) 322-4000
Fax: (602) 322-4103

7

8 Attorneys for Defendant

9                    IN THE UNITED STATES DISTRICT COURT

10                    FOR THE DISTRICT OF ARIZONA

11

12 | SHANNON SUE PEMBERTON aka | No. |
SHANNON AHLM,

13 |                         Plaintiff, | **NOTICE OF REMOVAL** |

14 | vs. | **(Mohave County Superior Court Case No. CV2017-00140)** |

15 | AMERICAN BANKERS INSURANCE

16 | COMPANY OF FLORIDA, a foreign
property and casualty insurer; JOHN DOES

17 | I-V and JANE DOES VI-X; BLACK
CORPORATIONS XI-XX and WHITE

18 | PARTNERSHIPS XXI-XXX,

19 |                         Defendants.

20            Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Local Rule 3.6, Defendant American

21 Bankers Insurance Company of Florida ("Defendant") hereby notices the removal of the above-

22 captioned case from Arizona Superior Court, Mohave County, to the United States District Court

23 for the District of Arizona and in support thereof respectfully asserts:

24

25

1.     At the time of the Complaint, and based on the allegations contained therein, Plaintiff was a citizen of the State of Arizona.  Notably, a natural person's state of citizenship is determined by his or her state of domicile.  *See Kanter v. Waner-Lambert Co.*, 365 F.3d 853, 857 (9th Cir. 2001).  In turn, a person's place of residence is *prima facie* evidence of their domicile.  *See Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336 (C.D. Cal. 2014) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

2.     Defendant American Bankers Insurance Company of Florida is a citizen of the State of Florida, by virtue of the fact that it is a Florida corporation with its principal place of business in Florida.  Accordingly, there is complete diversity of citizenship between the parties.

3.     On or about May 22, 2017, less than thirty days prior hereto, the Summons and Complaint were served upon Defendant American Bankers Insurance Company of Florida through the Arizona Department of Insurance (*See* Exhibit 1).

4.     The Complaint alleges two counts: (1) breach of contract; and (2) bad faith. Plaintiff seeks damages allegedly flowing from those claims as well as punitive damages and attorneys' fees and costs.

5.     Specifically, Plaintiff seeks to recover from Defendant those damages itemized in a Proof of Loss submitted to Defendant on or about June 6, 2015, which includes material replacement in the amount of $4,403.90 and personal property in the amount of $69,413.22. (*See* Plaintiff's Complaint, ¶¶ IX-X, Exhibit 1).

6.     Plaintiff seeks the following damages:

    a.     Special and general damages;

    b.     Punitive damages in an amount sufficient to punish Defendant;

    c.     Attorneys' fees and costs;

    d.     Pre/post judgment interest at a statutory rate of ten percent (10%); and

    e.     For such other and further relief the Court deems just and proper.

7.     It is reasonable to expect that Plaintiffs will incur <u>at least</u> $65,400.00 in costs and attorneys' fees in prosecuting their claims against ABIC.  [*See* Declaration of Elliot Wernick, attached hereto as Exhibit 2 at ¶ 10].  Although predicting attorneys' fees is difficult, a court may look to an estimated value of attorneys' fees in determining the amount in controversy. *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577-78 (D. Ariz. 2003) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).  In *Ansley*, the United States District Court for the District of Arizona specifically relied upon a declaration submitted by the defendant's attorney that indicated "the attorneys' fees incurred by both sides [would] exceed $75,000" to conclude that the defendant demonstrated the value of the claim exceeded the statutory minimum required for removal to federal court. *Id.*

8.     With contract damages totaling $73,817.12, Plaintiff also seeks punitive damages and attorney's fees – which would exceed the jurisdictional limit of $75,000.00.  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (noting that compensatory and punitive damages are to be considered in determining the amount in controversy for purposes of removal jurisdiction); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) (*citing Chabner*); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (potential attorneys' fees are to be included in determining the amount in controversy).

9.     Based on the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between parties with complete diversity of citizenship and Plaintiff seeks damages which exceed the jurisdictional minimum of $75,000.00, exclusive of interest and costs.[1]

---

[1] Defendant does not waive, and expressly reserves, the right to challenge Plaintiff's claims for damages including, but not limited to, actual damages, punitive damages, and attorney's fees, and to argue for the dismissal of each and every cause of action asserted in the Complaint.

10. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(a) in that Plaintiff resides within the District of Arizona. Additionally, venue is proper in the District of Arizona because a substantial part of the events giving rise to Plaintiff's claim occurred therein.

11. This Notice of Removal is being filed within thirty (30) days after receipt and service of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

12. The time in which Defendant has to answer the Complaint or remove with respect to the Complaint has not yet expired.

13. A true and complete copy of the most recent copy of Plaintiff's Arbitration Certificate and docket from the state court are attached as Exhibits 3 and 4, respectively.

14. A Notification of Filing Notice of Removal in Federal Court (copy attached hereto as Exhibit 5) has been filed in the Arizona Superior Court, Mohave County, Arizona, on behalf of Defendant American Bankers Insurance Company of Florida.

15. Defendant American Bankers Insurance Company of Florida has served upon Plaintiff, by and through counsel, a copy of this Notice.

16. Defendant American Bankers Insurance Company of Florida has served upon Plaintiff, by and through counsel, the Notice to the Parties of Mandatory Initial Discovery Pilot Project, General Order 17-08 and the MIDP Checklist.

17. This Notice is signed pursuant to Fed. R. Civ. P. 11, as required by LRCiv 3.6.

WHEREFORE, Defendant requests that the above action now pending in the Arizona Superior Court, County of Mohave, be removed to this Court.

. . .

. . .

. . .

4

RESPECTFULLY SUBMITTED this 20th day of June, 2017.

**THE CAVANAGH LAW FIRM, P.A.**

By:   s/William M. Demlong
William M. Demlong
Elliot H. Wernick
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85004
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on 20th day of June, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

J. Scott Wickland, Esq.
Law Office of J. Scott Wickland
1921 Motor Avenue, Suite A
Kingman, AZ. 86401
wicklandlaw@live.com
Attorney for Plaintiff

s/L. Gilroy

5