# EXHIBIT 1

# EXHIBIT 1

**LAW OFFICE OF J. SCOTT WICKLAND**
1921 Motor Avenue, Suite A
Kingman, Arizona 86401
(928) 718-8888

J. Scott Wickland, Esq.
Arizona State Bar No. 016333
Attorney for Plaintiff

STATE OF ARIZONA
DEPT. OF INSURANCE

MAY 2 2 2017

TIME U.S. Mail
SERVICE OF PROCESS

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MOHAVE

SHANNON SUE PEMBERTON a/k/a
SHANNON AHLM,

Plaintiff,

vs.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,  a foreign
property and casualty insurer; JOHN DOES
I-V and JANE DOES VI-X; BLACK
CORPORATIONS XI-XX and WHITE
PARTNERSHIPS XXI-XXX,

Defendants.

No.: CV-2017-00140

SUMMONS

THE STATE OF ARIZONA TO THE DEFENDANT:

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona-whether by direct service, by registered or certified mail, or by publication-you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.

LAW OFFICE OF J. SCOTT WICKLAND
1921 Motor Avenue, Suite A
Kingman, AZ 86401
(928) 718-8888 • FAX (928) 718-8889

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.

**YOU ARE FURTHER CAUTIONED** that this is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

**REQUESTS FOR REASONABLE ACCOMODATIONS FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST 3 WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

The name and address of plaintiff's attorney is:

> J. Scott Wickland
> LAW OFFICE OF J. SCOTT WICKLAND
> 1921 Motor Avenue, Suite A
> Kingman, Arizona 86401
> (928) 718-8888

**SIGNED AND SEALED** this 23rd day of February, 2017

VIRLYNN TINNELL, CLERK OF THE COURT

By: _____
    Deputy Clerk

*SEAL — SUPERIOR COURT — MOHAVE COUNTY ARIZ.*

2

**LAW OFFICE OF J. SCOTT WICKLAND**
1921 Motor Avenue, Suite A
Kingman, Arizona 86401
(928) 718-8888

J. Scott Wickland, Esq.
Arizona State Bar No. 016333
Attorney for Plaintiff

FILED

BY:_____

2017 FEB 23  PM 2: 46

VIRLYNN TINNELL
SUPERIOR COURT CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

SHANNON SUE PEMBERTON a/k/a
SHANNON AHLM,

        Plaintiff,

vs.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, a foreign
property and casualty insurer; JOHN DOES
I-V and JANE DOES VI-X; BLACK
CORPORATIONS XI-XX and WHITE
PARTNERSHIPS XXI-XXX,

        Defendants.

No.: CV-2017- 00140

**COMPLAINT**
**(Breach of Contract – Bad Faith)**

Comes now, Plaintiff, by and through her attorney undersigned, for her complaint against
the Defendants, states and alleges as follows:

I

The amount in controversy in this matter exceeds the minimum jurisdictional amount
required for Superior Court jurisdiction. Venue in Mohave County is proper.

II

Upon information and belief, Defendant, AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA *(hereinafter referred to as "AMERICAN BANKERS")*, is a foreign
property and casualty insurer, transacting insurance in Arizona. Plaintiff, SHANNON

COPY

LAW OFFICE OF J. SCOTT WICKLAND
1921 Motor Avenue, Suite A
Kingman, AZ 86401
(928) 718-8888 • FAX (928) 718-8889

1    PEMBERTON a/k/a SHANNON AHLM *(hereinafter referred to as "PEMBERTON" or*

2    *plaintiff)*, is a resident of Mohave County, Arizona.

                                        III

4           The fictitious Defendants, John Does I-V; Jane Does VI-X; Black Corporations XI-

5    XX; and White Partnerships XXI-XXX are believed to be individuals and/or entities who are

6    residents/or who conduct business in Mohave County, State of Arizona or who have caused or

7    contributed to events which underlie this lawsuit. The true names of such Defendants are

8    unknown at this time and Plaintiff will, upon ascertaining the true names of said Defendants,

9    seek leave of Court to amend this Complaint.

                                        IV

11          American Bankers issued a renters insurance policy to Pemberton with an effective date

12   of February 1, 2015, and said policy is identified by the following policy number issued by

13   American Bankers: RIN-3423774 *(hereinafter referred to as the "Policy")*.

                                        V

15          Coverage C of the Policy provides insurance coverage in the event of a covered loss to

16   personal property owned or used by Pemberton. The amount of coverage available under

17   Coverage C for loss to personal property is forty thousand dollars ($40,000.00), less a

18   deductible of two hundred fifty dollars ($250.00).

                                        VI

20          The Policy provides insurance coverage for direct physical loss to personal property

21   described in Coverage C caused by, among other things, "[v]andalism or malicious mischief"

22   and "[t]heft, including attempted theft and loss of property from a known place when it is

23   likely that the property has been stolen."

VII

On February 23, 2015, Pemberton sustained significant direct physical loss to personal property stolen from her residence; there was also direct physical loss to the residential building, doors, windows, and other fixtures that occurred during the theft. Pemberton reported the loss to American Bankers on or about March 13, 2015, and informed American Bankers that she would be pursuing a claim for the theft of her personal property and for repairs to the residential building, doors, windows, and other fixtures.

VIII

On June 6, 2015, Pemberton delivered a formal proof of loss claim form (*hereinafter referred to as the "Proof of Loss"*) and all supporting documentation to American Bankers.

IX

The Proof of Loss contained an itemized list of damages to the dwelling property, which included estimates for material replacement of the entry door, three (3) windows, and installation labor for a total estimated repair cost of four thousand four hundred three dollars and 90/100ths ($4,403.90).

X

The Proof of Loss contained a detailed list of one hundred four (104) separate items of personal property stolen from Pemberton's insured residence, with a total value of sixty nine thousand four hundred thirteen dollars and 22/100ths ($69,413.22). Receipts were provided to substantiate values and proof of ownership for items 1 – 80. Pemberton provided a sworn affidavit to substantiate proof of ownership of personal property that she had received as gifts over the years; these gifts were identified as items 81 – 98. A private party bill of sale was provided to substantiate proof of ownership for items 99 – 101. A declaration of transfer of ownership was provided to substantiate ownership of items 102 – 104. Sufficient

1   documentation from several sources was provided with the Proof of Loss to substantiate values

2   of items 81 – 104, as there were no original receipts available.

XI

4       On or about July 8, 2015, American Bankers denied Pemberton's claim because their

5   "investigation indicates that this loss is of a civil matter and not states as (sic) theft. Law

6   enforcement paper work states Civil Matter and no charges of theft were set in place. This loss

7   is not covered under the policy you have with our company."

XII

9       Pemberton cooperated fully with AMERICAN BANKERS and provided it with

10  sufficient facts and information for it to make a sound judgment prior to, and following, its

11  denial of coverage.

## COUNT 1

## BREACH OF CONTRACT

XIII

15      The foregoing allegations are repeated, realleged and restated as if fully set forth herein.

XIV

17      AMERICAN BANKERS breached its contractual obligations to Pemberton when it

18  wrongfully denied coverage under the terms of the Policy.

XV

20      As a direct and proximate result of the breach, plaintiff has incurred damages.

## COUNT 2

## BAD-FAITH

XVI

24      The foregoing allegations are repeated, realleged and restated as if fully set forth herein.

XVII

1       In every contract of insurance there is inherent in it the covenant of good faith and fair

2  dealing.

3                   XVIII

4       AMERICAN BANKERS' denial of plaintiff's claim and failure to pay plaintiff's claim

5  were intentional and done without a reasonable basis for such action.

6                   XIX

7       AMERICAN BANKERS knew that it acted without a reasonable basis, or failed to

8  perform an investigation or evaluation adequate to determine whether its action in denying and

9  failing to pay plaintiff's claim was supported by a reasonable basis.

10                  XX

11       AMERICAN BANKERS failed to give as much consideration to plaintiff's interests as

12  it did its own interests when investigating or evaluating plaintiff's claim.

13                  XXI

14       AMERICAN BANKERS' action or inaction, as described herein, constitute a breach

15  of the covenant of good faith and fair dealing.

16                  XXII

17       As a direct and proximate result of AMERICAN BANKERS' breach of the covenant

18  of good faith and fair dealing, plaintiff has incurred and/or sustained damages in an amount to

19  be proven at trial.

20                  XXIII

21       Upon information and belief, AMERICAN BANKERS acted with a consistent pattern

22  to undermine the security of the policies it underwrites to the detriment of its insureds,

23  including plaintiff. AMERICAN BANKERS acted to serve its own interests, having reason to

24  know and consciously disregarding a substantial risk that its conduct might significantly injure

25  the rights of others, including plaintiff. AMERICAN BANKERS consciously pursued a course

26

of conduct knowing that it created a substantial risk of harm to others, including plaintiff.
AMERICAN BANKERS' conduct constitutes behavior sufficient to incur a penalty of punitive damages.

### XXIV

Plaintiff is therefore entitled to punitive damages in an amount sufficient to stop such conduct and deter similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment as follows:

1.  For breach of contract and bad faith against AMERICAN BANKERS;

2.  For special and general damages for Plaintiff in an amount to be proven at trial;

3.  For punitive damages in an amount sufficient to punish AMERICAN BANKERS and to deter similar future conduct by it and other similarly situated insurance companies;

4.  For attorney's fees and costs, pursuant to A.R.S. § 12-341.01;

5.  For pre/post judgment interest at the statutory rate of ten percent (10%) per annum; and

6.  For such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 23rd day of February, 2017

LAW OFFICE OF J. SCOTT WICKLAND

By _____

J. Scott Wickland, Esq.
Attorney for Plaintiff

6

1    **LAW OFFICE OF J. SCOTT WICKLAND**
     1921 Motor Avenue, Suite A
2    Kingman, Arizona 86401
     (928) 718-8888
3
     J. Scott Wickland, Esq.
4    Arizona State Bar No. 016333
     Attorney for Plaintiff
5

FILED

BY: M̲

2017 FEB 23 PM 2: 46

VIRLYNN TINNELL
SUPERIOR COURT CLERK

6              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                   IN AND FOR THE COUNTY OF MOHAVE

8    SHANNON SUE PEMBERTON a/k/a          No.: CV-2017-00140
     SHANNON AHLM,
9
                 Plaintiff,
10
          vs.                            **COMPLAINT**
11                                       **(Breach of Contract – Bad Faith)**
     AMERICAN BANKERS INSURANCE
12   COMPANY OF FLORIDA, a foreign
     property and casualty insurer; JOHN DOES
13   I-V and JANE DOES VI-X; BLACK
     CORPORATIONS XI-XX and WHITE
14   PARTNERSHIPS XXI-XXX,

15               Defendants.

16
          Comes now, Plaintiff, by and through her attorney undersigned, for her complaint against
17
     the Defendants, states and alleges as follows:
18
                                    I
19
          The amount in controversy in this matter exceeds the minimum jurisdictional amount
20
     required for Superior Court jurisdiction. Venue in Mohave County is proper.
21
                                    II
22
          Upon information and belief, Defendant, AMERICAN BANKERS INSURANCE
23
     COMPANY OF FLORIDA *(hereinafter referred to as "AMERICAN BANKERS")*, is a foreign
24
     property and casualty insurer, transacting insurance in Arizona. Plaintiff, SHANNON
25

26
     S8015CV201700140

LAW OFFICE OF J. SCOTT WICKLAND
1921 Motor Avenue, Suite A
Kingman, AZ 86401
(928) 718-8888 ● FAX (928) 718-8889

1  PEMBERTON a/k/a SHANNON AHLM *(hereinafter referred to as "PEMBERTON" or*

2  *plaintiff)*, is a resident of Mohave County, Arizona.

3  III

4  The fictitious Defendants, John Does I-V; Jane Does VI-X; Black Corporations XI-

5  XX; and White Partnerships XXI-XXX are believed to be individuals and/or entities who are

6  residents/or who conduct business in Mohave County, State of Arizona or who have caused or

7  contributed to events which underlie this lawsuit. The true names of such Defendants are

8  unknown at this time and Plaintiff will, upon ascertaining the true names of said Defendants,

9  seek leave of Court to amend this Complaint.

10  IV

11  American Bankers issued a renters insurance policy to Pemberton with an effective date

12  of February 1, 2015, and said policy is identified by the following policy number issued by

13  American Bankers: RIN-3423774 *(hereinafter referred to as the "Policy")*.

14  V

15  Coverage C of the Policy provides insurance coverage in the event of a covered loss to

16  personal property owned or used by Pemberton. The amount of coverage available under

17  Coverage C for loss to personal property is forty thousand dollars ($40,000.00), less a

18  deductible of two hundred fifty dollars ($250.00).

19  VI

20  The Policy provides insurance coverage for direct physical loss to personal property

21  described in Coverage C caused by, among other things, "[v]andalism or malicious mischief"

22  and "[t]heft, including attempted theft and loss of property from a known place when it is

23  likely that the property has been stolen."

24

25

26

2

## VII

On February 23, 2015, Pemberton sustained significant direct physical loss to personal property stolen from her residence; there was also direct physical loss to the residential building, doors, windows, and other fixtures that occurred during the theft. Pemberton reported the loss to American Bankers on or about March 13, 2015, and informed American Bankers that she would be pursuing a claim for the theft of her personal property and for repairs to the residential building, doors, windows, and other fixtures.

## VIII

On June 6, 2015, Pemberton delivered a formal proof of loss claim form (*hereinafter referred to as the "Proof of Loss"*) and all supporting documentation to American Bankers.

## IX

The Proof of Loss contained an itemized list of damages to the dwelling property, which included estimates for material replacement of the entry door, three (3) windows, and installation labor for a total estimated repair cost of four thousand four hundred three dollars and 90/100ths ($4,403.90).

## X

The Proof of Loss contained a detailed list of one hundred four (104) separate items of personal property stolen from Pemberton's insured residence, with a total value of sixty nine thousand four hundred thirteen dollars and 22/100ths ($69,413.22). Receipts were provided to substantiate values and proof of ownership for items 1 – 80. Pemberton provided a sworn affidavit to substantiate proof of ownership of personal property that she had received as gifts over the years; these gifts were identified as items 81 – 98. A private party bill of sale was provided to substantiate proof of ownership for items 99 – 101. A declaration of transfer of ownership was provided to substantiate ownership of items 102 – 104. Sufficient

3

documentation from several sources was provided with the Proof of Loss to substantiate values of items 81 – 104, as there were no original receipts available.

XI

On or about July 8, 2015, American Bankers denied Pemberton's claim because their "investigation indicates that this loss is of a civil matter and not states as (sic) theft. Law enforcement paper work states Civil Matter and no charges of theft were set in place. This loss is not covered under the policy you have with our company."

XII

Pemberton cooperated fully with AMERICAN BANKERS and provided it with sufficient facts and information for it to make a sound judgment prior to, and following, its denial of coverage.

## COUNT 1

### BREACH OF CONTRACT

XIII

The foregoing allegations are repeated, realleged and restated as if fully set forth herein.

XIV

AMERICAN BANKERS breached its contractual obligations to Pemberton when it wrongfully denied coverage under the terms of the Policy.

XV

As a direct and proximate result of the breach, plaintiff has incurred damages.

## COUNT 2

### BAD-FAITH

XVI

The foregoing allegations are repeated, realleged and restated as if fully set forth herein.

XVII

4

1    In every contract of insurance there is inherent in it the covenant of good faith and fair

2    dealing.

3                                        XVIII

4    AMERICAN BANKERS' denial of plaintiff's claim and failure to pay plaintiff's claim

5    were intentional and done without a reasonable basis for such action.

6                                        XIX

7    AMERICAN BANKERS knew that it acted without a reasonable basis, or failed to

8    perform an investigation or evaluation adequate to determine whether its action in denying and

9    failing to pay plaintiff's claim was supported by a reasonable basis.

10                                       XX

11    AMERICAN BANKERS failed to give as much consideration to plaintiff's interests as

12    it did its own interests when investigating or evaluating plaintiff's claim.

13                                       XXI

14    AMERICAN BANKERS' action or inaction, as described herein, constitute a breach

15    of the covenant of good faith and fair dealing.

16                                       XXII

17    As a direct and proximate result of AMERICAN BANKERS' breach of the covenant

18    of good faith and fair dealing, plaintiff has incurred and/or sustained damages in an amount to

19    be proven at trial.

20                                       XXIII

21    Upon information and belief, AMERICAN BANKERS acted with a consistent pattern

22    to undermine the security of the policies it underwrites to the detriment of its insureds,

23    including plaintiff. AMERICAN BANKERS acted to serve its own interests, having reason to

24    know and consciously disregarding a substantial risk that its conduct might significantly injure

25    the rights of others, including plaintiff. AMERICAN BANKERS consciously pursued a course

26

1   of conduct knowing that it created a substantial risk of harm to others, including plaintiff.

2   AMERICAN BANKERS' conduct constitutes behavior sufficient to incur a penalty of punitive

3   damages.

4                                        XXIV

5          Plaintiff is therefore entitled to punitive damages in an amount sufficient to stop such

6   conduct and deter similar conduct in the future.

7          WHEREFORE, Plaintiff respectfully requests the Court enter judgment as follows:

8      1.    For breach of contract and bad faith against AMERICAN BANKERS;

9      2.    For special and general damages for Plaintiff in an amount to be proven at trial;

10     3.    For punitive damages in an amount sufficient to punish AMERICAN

11           BANKERS and to deter similar future conduct by it and other similarly situated

12           insurance companies;

13     4.    For attorney's fees and costs, pursuant to A.R.S. § 12-341.01;

14     5.    For pre/post judgment interest at the statutory rate of ten percent (10%) per

15           annum; and

16     6.    For such other and further relief as the Court deems just and proper under the

17           circumstances.

18          RESPECTFULLY SUBMITTED this 23rd day of February, 2017

19                                 LAW OFFICE OF J. SCOTT WICKLAND

20                                 By _____

21                                    J. Scott Wickland, Esq.
                                      Attorney for Plaintiff

22

23

24

25

26

                                          6

Note That
Date Stamps is
Different. E-FILED
CASE # UNDER
DATESTAMP

# EXHIBIT 2

# EXHIBIT 2

1

**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 012458)
wdemlong@cavanaghlaw.com
Elliot H. Wernick, Esq. (SBN 015351)
ewernick@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4103

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHANNON SUE PEMBERTON aka SHANNON AHLM, | No. |
| Plaintiff, | **DECLARATION OF ATTORNEY ELLIOT H. WERNICK** |
| vs. | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a foreign property and casualty insurer; JOHN DOES I-V and JANE DOES VI-X; BLACK CORPORATIONS XI-XX and WHITE PARTNERSHIPS XXI-XXX, | |
| Defendants. | |

I, Elliot H. Wernick, Esq.., declare:

1.      I give this Declaration upon my own personal knowledge and experience.

2.      I am a Senior Member of The Cavanagh Law Firm.  My practice includes the defense of insurance breach of contract and bad faith cases.  I have practiced for more than twenty-three (23) years and, during the majority of that time, I have litigated and handled numerous insurance breach of contract and bad faith cases.

3.     Fees for counsel in breach of contract cases similar to the instant case are in the range of $200-$250 per hour.

4.     Plaintiff has incurred or will incur approximately **$2,000 to $6,000** related to the initial pleadings in both the State Court and this Court.  This includes the initial investigation costs and cost for preparation of the Complaint.

5.     Discovery in this case (and similar cases) can be very costly because the nature of the allegations in the Complaint related to the handling and denial of claims under the policy, and the extensive issues relating to Plaintiff's claimed damages.  This will require a significant amount of written discovery as well as a large number of depositions to be taken of witnesses.  This is further complicated by the fact that the majority of witnesses are located in Mohave County, Arizona.  Additionally, discovery can be hotly disputed if there are disputes over requests for large amounts of information.  Moreover, the majority of Defendant's employees are out of state, necessitating travel by the attorneys.

6.     Based on my experience with similar cases, the following discovery may need to be conducted:

a.     **Written Discovery and Document Production:**  Plaintiff will need to prepare her Initial Disclosure Statement and Supplemental Disclosures, and review any disclosures and discovery responses by Defendant.  Accordingly, Plaintiff will likely incur approximately **$4,000 to $7,500** in attorneys' fees related to written discovery (both propounding and responding to same).

b.     **Depositions:**  the following individuals will all likely need to be deposed, with each deposition lasting between four (4) and six (6) hours:

1.     Plaintiff Shannon Pemberton (approximately 6 hours).

2

2.    Non-Party Witnesses Brittnie Andrysiak, Willa Cobb, William Crawford, Deputy B. R. Binkney, and John Pemberton (4 hours each, plus travel for out-of-county depositions);

3.    Defendant's employees who handled the claim beginning in 2013 to present (4 hours each plus travel for out of state depositions).

4.    Defendant's Rule 30(b)(6) representative (4 hours plus travel for out of state deposition).

5.    Any expert(s) retained by Plaintiff or Defendant (4 hours each).

Thus, Plaintiff's total expenditures for at least 50 hours of depositions would be $10,000, plus at least $1,500 related to travel and preparation, for a total of at least **$11,500**.

c.    **Expert Discovery:**  Plaintiff will likely incur at least **$5,000-$10,000** for each expert report.

7.    Furthermore, there may be discovery disputes.  This will require filing and/or responding to a motion to compel, plus oral argument.  Fees for discovery disputes will likely total at least **$3,000**.

8.    Plaintiff will incur attorneys' fees of approximately **$4,000** for court-mandated conferences, including preparation of a Joint Scheduling Memorandum and Pretrial Memorandum, and appearance at hearings for same.

9.    Plaintiff will incur attorneys' fees of at least **$7,500** for filing and/or responding to one or more dispositive motions.

10.    Plaintiff will incur at least the following for trial preparation and trial:

a.    32 hours (@$200/hr) prepping fact and expert witnesses, totaling **$6,400**.

b.    40 hours for written motions and submissions, totaling **$8,000**.

3

c.      40 hours for trial and hearing attendance, including travel time, for a total of approximately **$8,000**.

d.      40 hours for post-trial motions and submissions, totaling **$8,000**.

Thus, using a conservative hourly rate of $200.00 per hour, Plaintiff will likely incur attorneys' fees of at least **$65,400.00** in trial preparation and trial alone, not including appeal.

11.     Based on my experience with similar cases and the above list of work to be conducted, if the present case for bad faith proceeds to trial, the attorneys' fees for both parties will more likely than not exceed $75,000. The estimated fee amount does not include potential expenses associated with transcripts, copying of documents and exhibits, and experts because these costs are too difficult to estimate. A reasonable estimation of attorneys' fees and costs in this case will likely exceed **$80,000.00**.

12.     Contingent fee arrangements are sometimes used in insurance cases. In such agreements, attorney compensation is rarely, if ever, lower than 33.3% and often is set at 40% or 45% depending on the experience of the attorney because of the cost involved in such litigation and the specialized nature thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 20th day of June, 2017, in Phoenix, Arizona.

Elliot H. Wernick, Esq.

4

# EXHIBIT 3

# EXHIBIT 3

1
LAW OFFICE OF J. SCOTT WICKLAND
1921 Motor Avenue, Suite A
2
Kingman, Arizona 86401
(928) 718-8888
3

J. Scott Wickland, Esq.
4
Arizona State Bar No. 016333
Attorney for Plaintiff
5

FILED

BY: _____

2017 FEB 23  PM 2: 47

VIRLYNN TINNELL
SUPERIOR COURT CLERK

6            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7               IN AND FOR THE COUNTY OF MOHAVE

8
SHANNON SUE PEMBERTON a/k/a          No.: CV-2017- 00140
SHANNON AHLM,
9
                Plaintiff,
10
        vs.                          ARBITRATION CERTIFICATE
11
AMERICAN BANKERS INSURANCE
12
COMPANY OF FLORIDA, a foreign
property and casualty insurer; JOHN DOES
13
I-V and JANE DOES VI-X; BLACK
CORPORATIONS XI-XX and WHITE
14
PARTNERSHIPS XXI-XXX,
15
                Defendants.

16

17          The undersigned certifies that he knows the dollar limits and any other limitations set

     forth by the local rules of practice for the Mohave County Superior Court, and further certifies
18
     that the plaintiff does seek damages in excess of the dollar limits established in the Mohave
19
     County Superior Court and, therefore, this case is not subject to compulsory arbitration, as
20
     provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.
21
              RESPECTFULLY SUBMITTED this 13rd day of February, 2017
22

23                              LAW OFFICE OF J. SCOTT WICKLAND

24
                            By _____
25                              J. Scott Wickland, Esq.
                                Attorney for Plaintiff
26

S8015CV201700140

# EXHIBIT 4

# EXHIBIT 4

## Public Access to Court Information - Case Search

### Case Information

| Case Number: | S-8015-CV-201700140 | | |
|---|---|---|---|
| Title: | SHANNON SUE PEMBERTON PLAIN | Category: | Civil |
| Court: | Mohave County Superior | Filing Date: | 2/23/2017 |
| Judge: | N/A | Disposition Date: | |

| | |
|---|---|
| **AMERICAN BANKERS INSURANCE   DEFENDANT - D 1** | |
| **SHANNON SUE PEMBERTON   PLAINTIFF - P 1** | |

### Case Activity

| Date | Description | Party |
|---|---|---|
| 2/23/2017 | COMPLAINT: Complaint | P 1 |
| 2/23/2017 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**

The following case types are excluded from search results: sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
· The information may not be a current, accurate, or complete record of the case.
· The information is subject to change at any time.
· The information is not the official record of the court.
· Not all cases from a participating court may be included.
· The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us.

**Case info is updated on this website daily. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

# EXHIBIT 5

# EXHIBIT 5

1

**THE CAVANAGH LAW FIRM**
A Professional Association

2
1850 NORTH CENTRAL AVENUE
SUITE 2400

3
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

4
William M. Demlong, Esq. (SBN 012458)
wdemlong@cavanaghlaw.com

5
Elliot H. Wernick, Esq. (SBN 015351)
ewernick@cavanaghlaw.com

6
Tel: (602) 322-4000
Fax: (602) 322-4103

7

8
Attorneys for Defendant

9
## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10
## IN AND FOR THE COUNTY OF MOHAVE

11

12
SHANNON SUE PEMBERTON aka
SHANNON AHLM,

13
                    Plaintiff,

14
vs.

15
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, a foreign

16
property and casualty insurer; JOHN DOES
I-V and JANE DOES VI-X; BLACK

17
CORPORATIONS XI-XX and WHITE
PARTNERSHIPS XXI-XXX,

18

19
                    Defendants.

No. CV2017-00140

**NOTIFICATION OF REMOVAL**

20
## TO:   THE CLERK OF THE CAPTIONED COURT AND PLAINTIFF

21
PLEASE TAKE NOTICE that on this date, Defendant American Bankers Insurance

22
Company of Florida filed in the United States District Court for the District of Arizona a Notice

23
of Removal of the above-captioned case from this Court to the District Court.  A true and correct

24
copy of the Notice of Removal filed in District Court is attached hereto as Exhibit A.

25

1    DATED this 20th day of June, 2017.

2                                                      THE CAVANAGH LAW FIRM, P.A.

3

4                                                      By:
                                                          William M. Demlong
5                                                         Elliot H. Werlick
                                                         1850 North Central Avenue, Suite 2400
6                                                         Phoenix, Arizona 85004
                                                         Attorneys for Defendant
7

8    ORIGINAL of the foregoing filed with the
     Mohave County Superior Court; and,

9    COPY of the foregoing mailed this
     20th day of June, 2017, to:
10

11   J. Scott Wickland, Esq.
     Law Office of J. Scott Wickland
12   1921 Motor Avenue, Suite A
     Kingman, AZ. 86401
13   wicklandlaw@live.com
     Attorney for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

                                      2